IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFF PHILLIPS,

         Plaintiff,

     vs.

CONTINENTAL TIRE THE AMERICAS,
LLC,

        Defendant.

Case No. 12-cv-307-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Jeff Phillips' Motion to Remand Case to State Court (Doc. 14).  Specifically, Plaintiff asserts that this Court lacks subject matter jurisdiction to hear this claim based on a post-removal affidavit limiting damages sought to $75,000 or less.

In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed.  *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993); *see* 16 James Wm. Moore, Moore's Federal Practice § 107.14[2][g][ii] (3d ed.).   The proponent of federal jurisdiction must show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006).  "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."  *Id.* "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court."  *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)  Further, a plaintiff cannot defeat federal jurisdiction after

removal by an affidavit limiting damages below the jurisdictional amount.  *St. Paul Mercury*, 303 U.S. at 292.

Here, Plaintiff does not contend that Defendant failed to prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount.[1]  Rather, Plaintiff contends that his post-removal affidavit "wherein he caps and limits his recovery to an amount of $75,000 or less . . . divests this Court of subject matter jurisdiction."  (Doc. 14).  As the Supreme Court explained in *St. Paul*, Plaintiff cannot defeat federal jurisdiction by attempting to limit his damages after removal.  Thus, Plaintiff presents no basis for removal of this case to state court.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand Case to State Court (Doc. 14).

**IT IS SO ORDERED**.

**DATED:  July 23, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] As Defendant's Notice of Removal explains, Plaintiff's original complaint states that "Plaintiff seeks damages for lost 'income, benefits, and insurance' in an amount 'in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit."  (Doc. 2 & Doc. 2, Exh. 1).  Defendant estimated, based on Plaintiff's hourly rate and time since termination, that Plaintiff would seek damages in excess of $80,000 (Doc. 2).  Plaintiff's complaint also seeks punitive damages. (Doc. 2, Exh. 1).  Plaintiff does not refute that his complaint at the time of removal sought above the jurisdictional amount.